JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1248-KK-DTBx** | Date: | February 20, 2024 |
|---|---|---|---|
| Title: | *Madalene Tiggle v. State of California* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

I.
**PROCEDURAL HISTORY**

On June 27, 2023, petitioner Madalene Tiggle ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging her unnamed conviction in Riverside Superior Court based on various claims, including violations of due process. ECF Docket No. ("Dkt.") 1.

On November 17, 2023, the Court issued an Order governing proceedings involving a petition for writ of habeas corpus by a person in state custody. Dkt. 4. The Order instructed Petitioner that she "shall immediately notify the Court and respondents' attorney of any change of petitioner's address and of the new address and its effective date. Failure to keep the Court informed of where petitioner may be contacted, may subject the Petition to dismissal for failure to prosecute." Id. at 4 (citing Local Rule 41-6).

On December 8, 2023, December 11, 2023, and December 18, 2023, mail sent by the Court to Petitioner was returned as undeliverable noting Petitioner was no longer in custody. Dkts. 7-10, 14.

On December 20, 2023, the Court issued an Order instructing Petitioner to provide the Court with her current address as required by Local Rule 41-6 within 15 days. Dkt. 15. The Court

warned Petitioner that failure to provide the Court with her current address may result in "dismiss[al] [of] the action with or without prejudice for want of prosecution." Id.

On January 2, 2024, January 4, 2024, and January 16, 2024, mail sent by the Court to Petitioner was again returned as undeliverable noting Petitioner was no longer in custody. Dkts. 16-17, 21.

On January 25, 2024, the Court issued an Order to Show Cause ("OSC") regarding Petitioner's continued failure to update the Court with her current address. Dkt. 22. The Court ordered Petitioner to show cause in writing by February 7, 2024 "why this action should not be dismissed for lack of prosecution and failing to comply with the Court's Local Rules." Id. at 2. The Court warned Petitioner "that failing to comply with this Order will result in the recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's Local Rules." Id.

On February 1, 2024 and February 6, 2024, mail sent by the Court to Petitioner was again returned as undeliverable noting Petitioner was no longer in custody. Dkts. 23, 24.

To date, Petitioner has not filed a response to the Court's January 25, 2024 OSC, nor has Petitioner provided the Court with her updated address.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a [peitioner's] failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Petitioner has not responded to the Court's December 20, 2023 and January 25, 2024 Orders or updated the Court with her current address. Dkts. 15, 22. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Petitioner does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a petitioner unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Petitioner's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkts. 15, 22. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown she is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Petitioner has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Petitioner about the possibility of dismissal, see dkts. 15, 22.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**